**Joseph TRUITT, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

No. 03–35861.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted March 7, 2005.

Decided March 29, 2005.

274

Merrill Schneider, Schneider Law Offices, Portland, OR, for Plaintiff–Appellant.

Michael W. Mosman, Esq., Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Esq., Office of General Counsel Social Security Administration, Seattle, WA, for Defendant–Appellee.

Before: REINHARDT, BERZON, and BYBEE, Circuit Judges.

MEMORANDUM *

Joseph Anthony Truitt ("Truitt") appeals the district court's affirmance of the Social Security Administration's decision to deny him social security insurance benefits. This court has jurisdiction under 28 U.S.C. § 1291. As the facts are familiar to the parties, we do not recite them here except as necessary to understand our disposition. Reviewing the district court's decision de novo, *see Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999), we affirm.

Truitt's challenge to the Commissioner's decision turns on the ALJ's analysis of the weight to be given the conflicting medical evidence and to the lay testimony. The ALJ accepted Truitt's assertion that he has significant mental impairments.[1] We therefore review only the ALJ's consideration of Truitt's physical limitations. We may set aside the ALJ's conclusions only if he committed legal error, or if his conclusions are not supported by substantial evidence. *Id.* We conclude that the ALJ's opinion is adequately supported.

■ We reject Truitt's challenge to the ALJ's negative finding regarding his credibility.[2] We approach this issue with the understanding that "[c]redibility determinations are the province of the ALJ." *Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir.1989). In this case, the most significant evidence supporting the ALJ's conclusion suggested that Truitt "engages in activities such as vacuuming, working in the yard, waxing and scrubbing the white walls of the tires of his collector cars." The ALJ's conclusion, that "[t]hese activities are inconsistent with an inability to perform all work activity," does not contradict our decision

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The ALJ considered the opinions of treating psychologists Joe Wood, Jim Johnson, and James Putnam, and the evaluation of non-examining psychological consultants from Disability Determination Services ("DDS"). We find no error in the ALJ's decision to discount Putnam's analysis in favor of Wood's, Johnson's, and the DDS consultants'. Like Putnam, both Wood and Johnson examined Truitt and concluded that he suffered from memory and attention problems. They did not conclude, however, that Truitt was incapable of working altogether.

We find no legal error in the ALJ's decision that the DDS evaluation was "consistent with the opinion[s] of Dr. Johnson and Dr. Wood ... and with [the] documentary medical evidence of [the] record as a whole," and accordingly, in his decision to use that analysis as one basis of his inquiry of the impartial vocational expert.

2. The ALJ's negative credibility determination dealt primarily with Truitt's reports of physical pain.

in *Benecke v. Barnhart,* 379 F.3d 587 (9th Cir.2004), that "the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from h[is] credibility as to h[is] overall disability." *Id.* at 594 (quoting *Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir.2001)). In contrast to the routine activities involved in *Benecke,* Truitt described activities that both required significant exertion and are not necessary to daily life. The ALJ was therefore entitled to conclude that Truitt engaged in activities that someone in great pain would be unlikely to undertake. *Cf. id.* at 592 (describing claimant who testified that she "experiences constant pain throughout her entire body," "spends most of her time sitting in a recliner," and "remains able to drive, but driving further than five miles causes severe pain in her arms"). In addition, there is also evidence indicating that Truitt's health care providers observed behavior inconsistent with the degree of pain Truitt claimed. The ALJ's negative credibility determination was supported, therefore, by substantial evidence.

█ Truitt also challenges the ALJ's consideration of reports by Dr. Richard Beam. Truitt is correct that the ALJ did not give great weight to Dr. Beam's opinion. The ALJ did not commit legal error in failing to do so, however, because of Dr. Beam's cursory analysis. In his report of the visit closest to the hearing before the ALJ, Dr. Beam essentially repeated what Truitt reported, concluding that Truitt should "continue with medications as before." To the extent that Dr. Beam's analysis depended upon Truitt's credibility regarding his pain, it was "predicated upon a belief in the testimony the ALJ had just rejected." *Fair,* 885 F.2d at 605. "The ALJ thus disregarded Dr. [Beam]'s opinion because it was premised on [Truitt]'s

own subjective complaints, which the ALJ had already properly discounted." *Id.*

In addition, Dr. Beam's opinion was controverted by the analysis of Dr. Tatsuro Ogisu. *Cf. Smolen v. Chater,* 80 F.3d 1273, 1286 (9th Cir.1996) (reviewing an ALJ's analysis of two uncontroverted medical opinions). Dr. Ogisu had observed that "[Truitt's] subjective complaints of pain [we]re not substantiated by [a] physical examination." The ALJ credited Dr. Ogisu's findings, noting that "[Truitt's] stated limitations were difficult to support based on objective findings." "[O]ur well-established rules giv[e] primary weight to the views of treating physicians, absent specific and legitimate reasons for rejecting them that are supported by substantial evidence." *Benecke,* 379 F.3d at 592 n. 1. ALJs are also, however, entitled to consider competing evidence and resolve ambiguities. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989). In light of Truitt's lack of credibility and the cursory nature of Dr. Beam's reports, we conclude that the ALJ did not commit legal error in assigning greater weight to Dr. Ogisu's opinion and that his decision to do so was supported by substantial evidence.

█ Finally, we conclude that substantial evidence supports the ALJ's negative credibility finding with regard to the lay witness testimony. *See* ALJ op. at 8 ("[T]hey are not fully credible to the extent the claimant is disabled from all work activity."). Marcia Truitt, Truitt's wife, offered testimony regarding Truitt's mental impairments. She did not offer testimony on Truitt's physical pain, so her testimony is not at the heart of this appeal. Richard Weil's affidavit on the other hand, did in part address Truitt's physical limitations. For the most part, Weil's observations depended on Truitt's reports of his own pain. As we believe that the ALJ's negative credibility finding related to

Truitt's pain levels is supported by substantial evidence, we also conclude that the ALJ's limited adverse credibility findings of the lay witnesses were appropriate to the extent that their testimony depended on Truitt's reports of pain.

Overall, substantial evidence supports the ALJ's finding that Truitt's back pain is not significant enough to establish that he is disabled and that he is capable of performing a restricted range of medium work. Truitt's challenge to that finding is based on evidence that, as explained above, the ALJ properly rejected. Accordingly, the decision to deny benefits is affirmed.

AFFIRMED.